

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AVERY SOUFFRANT,

    Plaintiff,

v.    Case No. 3:11-cv-64-J-20MCR

C.O. I POPE,
et al.,

    Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Before the Court are Defendants' Motion for Summary Judgment (Doc. #49); Motion to Compel Discovery and for Sanctions (Doc. #57); and Motion to Dismiss for Failure to Prosecute and Failure to Comply with Court Order (Doc. #58). Defendants assert that Plaintiff has failed to comply with Court Orders in that Plaintiff has failed to: file a pretrial narrative statement, respond to the Defendants' pending motions and discovery requests, and keep the Court and Defendants' counsel informed of his current address upon release from incarceration. Given the record, it appears that Plaintiff is no longer interested in prosecuting this action.

On June 22, 2012, the Court ordered Plaintiff to show cause by July 9, 2012, why this case should not be dismissed for his lack of prosecution. Additionally, the Court instructed Plaintiff that if the issues addressed in his Second Amended Complaint (Doc. #39) have been resolved or are moot due to his April 22, 2012 release[1] from incarceration or if Plaintiff is no longer interested in prosecuting this action, he shall file a motion to voluntarily dismiss the action. Also, the Court notified Plaintiff that his failure to respond to Defendants' pending motions and discovery requests, to file a pretrial narrative statement, <u>and</u> to show satisfactory cause for his initial failure to do so would result in the dismissal of this action without further notice for his failure to prosecute. See Order to Show Cause (Doc. #59) (citing Rule 3.10(a), Local Rules, United States District Court for the Middle District of Florida).

In prosecuting this action, Plaintiff is responsible for complying with this Court's Orders. As of the date of this Order, Plaintiff has neither responded to Defendants' pending motions, filed a pretrial narrative statement, informed the Court of his current address, responded to the Court's Order to Show Cause, explained his noncompliance, nor requested additional time to comply with the Court's Orders.

---

[1] According to the website of the Florida Department of Corrections, Plaintiff was released on April 22, 2012. See http://www.dc.state.fl.us/InmateReleases.

The allotted time period having passed on Monday, July 9, 2012, this Court concludes that the dismissal of this case, without prejudice to Plaintiff's right to refile, is appropriate at this time. Therefore, this case will be dismissed without prejudice to Plaintiff's right to refile his claims, if he elects to do so.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED** without prejudice to Plaintiff's right to refile to the extent that Plaintiff can raise claims in compliance with the applicable statute of limitations.[2]

2. The Clerk of Court shall enter judgment dismissing this case without prejudice.

3. The Clerk of Court shall close the case.

4. In filing any civil rights case in the future, Plaintiff shall **either** file a fully completed Affidavit of Indigency and Prisoner Consent Form and Financial Certificate (if Plaintiff desires to proceed as a pauper) **or** pay the $350.00 filing fee (if Plaintiff does not desire to proceed as a pauper). Plaintiff should not place this case number on the forms. The Clerk will

---

[2] "[A] § 1983 action brought in Florida is governed by Florida's four-year personal injury statute of limitations." Henyard v. Sec'y, Dep't of Corr., 543 F.3d 644, 647 (11th Cir. 2008) (citations omitted). According to the Second Amended Complaint (Doc. #39), the alleged incidents occurred on October 24, 2008, and December 7, 2008. See Second Amended Complaint at 5, 6.

assign a separate case number if Plaintiff elects to refile his claims.

5.   The Clerk of Court shall provide a copy of this Order to Plaintiff at the last address he provided to the Court. <u>See</u> Notice of Address Change (Doc. #56), filed April 16, 2012.

> Avery Souffrant, #L36570
> Taylor Correctional Institution
> 8501 Hampton Springs Road
> Perry, Florida 32348-8747.

6.   The Clerk of Court shall terminate the pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this ___ day of July, 2012.

_____
UNITED STATES DISTRICT JUDGE

sc 7/9
c:
Avery Souffrant
Ass't Attorney General (McDonough)